### WHITE v. SURDAM.

*(Circuit Court, D. Vermont. March 11, 1890.)*

1. PATENTS FOR INVENTIONS—STEREOSCOPES—PATENTABILITY.
  Letters patent No. 151,576, issued June 2, 1874, to Henry Dorr, for an improvement in lens frames of stereoscopes, consisting in making the lens-holder itself as large as the separate fronts formerly used, and rabbetting out its inner edge into a groove, to receive the end of the hood, is not invalid for want of invention.

2. SAME—PRELIMINARY INJUNCTION.
  Where, in a suit to restrain the infringement of a patent, it appears that the defendant is using the precise thing described in the patent, and that the patent has been acquiesced in by every one except the defendant, and even by him for a long time, a preliminary injunction may issue, though there has been no prior adjudication of the validity of the patent.

In Equity. On motion for preliminary injunction.

*Franklin Scott*, for orator.

*James K. Batchelder*, for defendant.

WHEELER, J. This suit is brought upon letters patent No. 151,576, dated June 2, 1874, and granted to Henry Dorr for an improvement in lens frames of stereoscopes. The invention appears to have been pat-

ented while the inventor was employed by the orator and defendant, as partners, in making steoroscopes, and assigned to the orator. The defendant now sets up that he then supposed the assignment to be for the benefit of both. He did not, however, take measures to secure the benefit of it to himself, and does not show but that the orator is now equitably, as well as legally, entitled to the patent. It has never been adjudged to be valid in any judicial proceeding. A suit in the courts of the state has been maintained against the defendant for a balance of royalties under a license to use it, but that would not necessarily involve its validity. *White* v. *Lee,* 14 Fed. Rep. 789; *McKay* v. *Jackman,* 17 Fed. Rep. 641. The cause is now heard upon a motion for a preliminary injunction, and such an injunction will not ordinarily be granted without such prior adjudication. In this case the patent appears to have been always acquiesced in by every one but the defendant, and by him for a long time, by taking a license, and paying royalties under it. This sufficiently establishes its validity for this purpose, without any express prior adjudication. Sim. Pat. 251.

No question as to infringement arises. The defendant, in his answer, admits use of the precise thing patented in making stereoscopes for sale. The principal question made is as to whether sufficient invention was involved to uphold the patent. Lens-holders fitting into the outer end of the hoods of the stereoscopes were in use before. A separate front, having an opening over the lenses, and covering the end of the hood, was sometimes added. The invention consisted in making the lens-holder itself as large as these fronts would be, and rabbetting out the inner edge, making a groove to receive the end of the hood, which would be covered by the outside of the groove. Rabbetted grooves were old, and well known. Making them there is said in argument to be only a new use of them. But making a rabbetted groove on the edge of the old lens-holder was not all that was done. The holder itself had to be contrived into the proper size and shape, in proportion and relation to the hood, to make the rabbetted groove on its edge answer the purpose of fixing it into, and covering the end of, the hood. There was no room for any great exercise of invention; but no one had done this before, and when done, the lens-holder produced appears to have immediately superseded all others. The accomplishment of this result was not so clearly within the domain of mechanical skill and judgment, and without that of invention, as to appear to warrant the conclusion that the patent-office was wrong in deciding that what the inventor had produced new amounted to a patentable invention. Sim. Pat. 41; *Smith* v. *Vulcanite Co.,* 93 U. S. 486. The orator is himself a manufacturer of these things, and his exclusive rights under the patent cannot well and effectively be secured to him without an injunction. Motion for preliminary injunction granted.